**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

LAWRENCE OBIE, individually and on behalf
of all others similarly situated;

                 Plaintiff(s),
    -against-

VALENTINE & KEBARTAS, LLC
and JOHN DOES 1-25

                 Defendant(s).

Civil Action No.:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

---

Plaintiff, LAWRENCE OBIE (hereinafter, "Plaintiff"), a New York resident, brings this Class Action Complaint by and through his attorneys, Marcus & Zelman, LLC, against Defendant VALENTINE & KEBARTAS, LLC (hereinafter "Defendant" or "V&K") and JOHN DOES 1-25, individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts"

does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of New York, Kings County, and is

a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its principal office located at 15 Union Street, Lawrence, Massachusetts 01840.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

13. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of the following classes:

    - Class A consists of (a) all individuals with addresses in the State of New York (b) to whom V&K (c) sent an initial collection letter attempting to collect a consumer debt (d) without properly identifying the current creditor to whom the debt is owed (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

    - Class B consists of (a) all individuals with addresses in the State of New York (b) to whom V&K (c) sent an initial collection letter attempting to collect a consumer debt (d) that states "To dispute validity of this debt with our client you may contact them at (800) 331-2314" (e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this

action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collects and/or have purchased debts.

15. Excluded from the Plaintiff Classes are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibits A,* violate 15 U.S.C. §§ 1692e and 1692g.

17. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

18. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that

    the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

(b) **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §§ 1692e

(c) **<u>Typicality:</u>** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **<u>Adequacy:</u>** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## ALLEGATIONS OF FACT

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

23. Some time prior to January 02, 2017, an obligation was allegedly incurred to United States Aid Funds, Inc. ("USAF")

24. The USAF obligation arose out of a student loan transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

25. The alleged USAF obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

26. USAF is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

27. The USAF debt directly or through an intermediary contracted the Defendant to collect the alleged debt.

28. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States

Postal Services, telephone and internet.

29. On or about January 02, 2017, Defendant sent the Plaintiff a collection letter ("Letter") regarding the alleged debt. *See* **Exhibit A.**

30. Upon information and belief, the Letter was the first communication from V&K to the Plaintiff with regards to this alleged debt.

31. Plaintiff received the letter and read it.

32. The Letter states in part:

    "RE: Navient on behalf of the United States Aid Funds, Inc."

33. The Letter then continues, stating: "We have been asked to contact you to arrange a resolution of your delinquent account with Navient on behalf of United States Aid Funds, Inc. According to our client, full payment of your account is long overdue."

34. Although the Letter identifies to whom the alleged debt may have been originally incurred to, the Letter fails to explicitly or implicitly identify Plaintiff's current creditor.

35. The Plaintiff, as would any least sophisticated consumer, was left unsure as to what current creditor V&K was attempting to collect for.

36. Pursuant to 15 U.S.C. §1692g, a debt collector is required in the initial communication with a consumer, to identify the name of the current creditor to whom the debt is owed.

37. The obligation is not only to identify the name of the current creditor, but to convey the name of the current creditor clearly enough that the least sophisticated recipient is likely to understand it. *Russell v. Equifax ARS*, 74 F.3d 30, 35 (2d Cir. 1996.)

38. In *Datiz v. International Recovery Associates, Inc.*, Case No. 2:15-cv-03549-ADS-AKT, the Honorable District Court Judge Arthur D. Spatt held in dismissing Defendant's Motion to Dismiss that in a letter that merely states in the caption "Re: John T. Mather Hospital"

that "the fact that the caption of the February 13, 2015 Letter lists John T. Mather Hospital is not, without more explanation, sufficient to satisfy Section 1692g(a)(2) because it does not identify the Hospital as the Plaintiff's current creditor." *Datiz*, 2016 WL 4148330, at *11. *See, also, McGinty and Paskiewicz v. Professional Claims Bureau, Inc.*, Case No. 2:15-cv-04356-SJF-ARL

39. The Letter further states after the validation notice:

    "To dispute validity of this debt with our client you may contact them at (800) 331-2314."

40. Upon information and belief, and after researching it, the number (800) 331-2314 does not belong to V&K.

41. The Plaintiff, as would any least sophisticated consumer, read the above statement and thought that he could effectively dispute the validity of this debt by calling (800) 331-2314.

42. Pursuant to 15 U.S.C. §1692g, a debt collector must notify the consumer of his or her validation rights and if a consumer exercises that right and disputes the debt within the thirty day validation notice, the debt collector must cease all collection activity until they are able to verify the debt.

43. It has been well established that even if a debt collector properly states the validation rights pursuant to the FDCPA, it is still a violation if other language in the letter either overshadows or contradicts the validation notice.

44. By stating that the consumer can "dispute validity of this debt" by calling (800) 331-2314, the Defendant overshadowed and/or contradicted the validation notice.

45. If a consumer was to call (800) 331-2314 to "dispute validity of this debt" instead of disputing directly with V&K, he or she would not be afforded the rights under 15 U.S.C.

§1692(g).

46. Furthermore, if the consumer was to "dispute validity of this debt" by calling, instead of in writing, the consumer would not be afforded the legal right to receive validation of the debt.

47. Congress adopted the debt validation provisions of section 1692g "as a response to the 'recurring problem of debt collector dunning the wrong person or attempting to collect debts which the consumer has already paid." S.Rep. No. 95–382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699. *See Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 89 (2d Cir. 2008).

48. The rights afforded to consumers under Section 1692g(a) are amongst the most powerful protections provided by the FDCPA. However, this right is limited only to the first thirty days of receipt from the initial letter.

49. The FDCPA gives consumers a statutory right to receive certain information, including the name of the creditor to whom the debt collector is attempting to collect for, which the Plaintiff was deprived of in this case.

50. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.

51. Defendant's violations of the FDCPA created the risk of real harm that the Plaintiff would attempt to dispute his debt by phone with his creditor, which would not be an effective means of invoking his statutorily-granted protections under the statute.

52. Defendant's violations of the FDCPA further created the risk of real harm that the Plaintiff would attempt to dispute his debt with his creditor after the thirty-day period for disputing the debt had passed.

53. Defendant's violations of the FDCPA further harmed the Plaintiff by subjecting the

Plaintiff to improper and deceptive collection practices, in violation of the Plaintiff's statutorily created substantive rights to be from such a debt collector's inappropriate attempts to collect a debt, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

54. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

56. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

57. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

58. Defendant violated said section by:

- Making a false and misleading representations in violation of §1692e(10).

59. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

60. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above

herein with the same force and effect as if the same were set forth at length herein.

61. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(g).

62. Pursuant to 15 USC §1692g, a debt collector:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
> (1) The amount of the debt;
> (2) The name of the creditor to whom the debt is owed;
> (3) A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
> (4) A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

63. The validation notice must not be either "overshadowed" or contradicted by other language or material in the original collection letter.

64. The Defendant violated 1692g:

   a. Failing to name the current creditor to whom the debt is owed; and

   b. Overshadowing the Plaintiff's thirty day validation notice by providing an alternative and non-legally effective option to dispute the validity of the debt.

65. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Ari Marcus, Esq., and Yitzchak Zelman, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 13, 2017

>  */s/ Yitzchak Zelman*
> Yitzchak Zelman, Esq.
> MARCUS & ZELMAN, LLC
> 1500 Allaire Avenue, Suite 101
> Ocean, New Jersey 07712
> (732) 695-3282 telephone
> (732) 298-6256 facsimile
> Yzelman@marcuszelman.com
> *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 13, 2017

> */s/ Yitzchak Zelman*
> Yitzchak Zelman, Esq.